### PETERS ET AL. *v.* RADER.

EVIDENCE.—*Contradiction.*—Although there be contradiction and uncertainty in the evidence, if it reasonably sustain the finding of the court below, this court will not disturb such finding.

From the Boone Circuit Court.

*A. J. Boone* and *R. W. Harrison,* for appellants.

PETTIT, J.—This suit was brought by William Rader against John S. Peters and Philip Buck. There was a verdict and judgment for Buck, and he does not appeal and is not in the case here, but the case is properly in this court as *Peters* v. *Rader.* The action was for wood sold and delivered, and this is the bill of particulars filed with the complaint.

"Bill of particulars.

"WHITESTOWN, June 22d, 1870.

"Buck & Peters to William Rader Dr.

| | |
|---|---|
| To 340 cords wood at $2.00 and $1.75 | $666.05 |
| Interest on same | 8.95 |
| | $675.00" |

The answer was in two paragraphs; the first was stricken out on motion, and no objection or exception was taken to this ruling; hence we can take no further notice of it. The second was the general denial. There was a verdict against Peters, and he moved for a new trial for the causes: "1st. Because the verdict of the jury is contrary to law. 2d. Because the verdict is contrary to the evidence." This

motion was overruled, exception taken, and this ruling is assigned for error.

We have all examined the evidence, and think the jury might well have found the verdict as they did. It is true that there are contradiction and uncertainty in the evidence, but we think it reasonably sustains the finding. The facts that the wood was delivered near a railroad track, and that its agent measured it to appellant Peters, in his presence; that he took the note of the railroad company, payable to himself, for the wood; that the plaintiff had made a large bill in the store of appellant on the faith of the wood; that his clerk in the store, when appellant was present, made out and gave to appellee a statement of the amount the wood came to, and of the amount of his bill in the store, showing the balance due to the appellee; and that the appellant paid five dollars and seventy cents in cash on it, taken in connection with all the other evidence, might reasonably lead the jury to believe that the wood was sold by the appellee to the appellant.

The judgment is affirmed, at the costs of the appellant Peters.